IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KATELYN HANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) File No. |
| LA PALETA RESTAURANTE Y PUPUSERIA, | ) |
| LLC and GOLDEN PIONEER, LTD., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, KATELYN HANKS, by and through the undersigned counsel, and files this, his Complaint against Defendants, LA PALETA RESTAURANTE Y PUPUSERIA, LLC and GOLDEN PIONEER, LTD., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.  This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' LA PALETA RESTAURANTE Y PUPUSERIA, LLC and GOLDEN PIONEER, LTD., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.  Plaintiff, KATELYN HANKS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3.  Plaintiff is disabled as defined by the ADA.

4.  Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, LA PALETA RESTAURANTE Y PUPUSERIA, LLC (hereinafter "LA PALETA RESTAURANTE Y PUPUSERIA, LLC"), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8. Defendant, LA PALETA RESTAURANTE Y PUPUSERIA, LLC, may be properly served with process via its registered agent for service, to wit:  Rosa E. Giron, Registered Agent, 2805 Seabeach Street, Irving, TX  75062.

9. Defendant, GOLDEN PIONEER, LTD. (hereinafter "GOLDEN PIONEER, LTD"), is a Texas limited company that transacts business in the State of Texas and within this judicial district.

10. Defendant, GOLDEN PIONEER, LTD., may be properly served with process via its registered agent for service, to wit:  Gloria Eng, Registered Agent, 7005 Chase Oaks Blvd., Suite 200, Plano, TX 75025.

**FACTUAL ALLEGATIONS**

11. On or about July 19, 2019 Plaintiff was a customer at "La Paleta Restaurante Y Pupuseria," a business located at 3620 W. Pioneer Drive, Irving, TX 75061, referenced herein as the "La Paleta."

12. La Paleta is operated by Defendant, LA PALETA RESTAURANTE Y PUPUSERIA, LLC.

13. LA PALETA RESTAURANTE Y PUPUSERIA, LLC is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

14. GOLDEN PIONEER, LTD. is the operator or co-operator of the real property and improvements that La Paleta is situated upon and that is the subject of this action, referenced herein as the "Property."

15. Plaintiff lives 18 miles from La Paleta and the Property.

16. Plaintiff's access to the business(es) located at 3620 W. Pioneer Drive, Irving, TX 75061, Dallas County Property Appraiser's parcel ID number 325595100A0020000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants, LA PALETA RESTAURANTE Y PUPUSERIA, LLC and GOLDEN PIONEER, LTD., is compelled to remove the physical barriers to access and correct the ADA violations that exist at La Paleta and the Property, including those set forth in this Complaint.

17. Plaintiff has visited La Paleta and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting La Paleta and the Property within six

months or sooner, as soon as the barriers to access detailed in this Complaint are removed and La Paleta and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when La Paleta and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

18. Plaintiff intends on revisiting La Paleta and the Property to purchase food and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

19. Plaintiff travelled to La Paleta and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at La Paleta and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at La Paleta and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)  discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)  individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22. Congress explicitly stated that the purpose of the ADA was to:

(i)  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)  provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §

12181; 28 C.F.R. § 36.508(a).

25. La Paleta is a public accommodation and service establishment.

26. The Property is a public accommodation and service establishment.

27. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29. La Paleta must be, but is not, in compliance with the ADA and ADAAG.

30. The Property must be, but is not, in compliance with the ADA and ADAAG.

31. Plaintiff has attempted to, and has to the extent possible, accessed La Paleta and the Property in her capacity as a customer of La Paleta and the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at La Paleta and the Property that preclude and/or limit her access to La Paleta and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Plaintiff intends to visit La Paleta and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at La Paleta and the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at La Paleta and the Property that

preclude and/or limit her access to La Paleta and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33.     Defendants, LA PALETA RESTAURANTE Y PUPUSERIA, LLC and GOLDEN PIONEER, LTD., have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of La Paleta and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34.     Defendants, LA PALETA RESTAURANTE Y PUPUSERIA, LLC and GOLDEN PIONEER, LTD., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, LA PALETA RESTAURANTE Y PUPUSERIA, LLC and GOLDEN PIONEER, LTD., are compelled to remove all physical barriers that exist at the La Paleta and the Property, including those specifically set forth herein, and make La Paleta and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to La Paleta and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of La Paleta and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     Near Amigo's Marketplace, there are two accessible parking spaces that are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG

        standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii)     Near Unit 100, the access aisle to the accessible parking spaces is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii)     Near Unit 100, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iv)     Near Unit 100, there is an excessive vertical rise at the base of the accessible ramp in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(v)     Near Unit 100, the accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(vi)     Near Unit 105, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(vii)     Near Unit 100, due to the lack of an accessible ramp leading from the accessible parking space, the Property lacks an accessible route from accessible parking space to the accessible entrance of the Property in violation of Section 206.2.1 of the 2010

        ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(viii)    Inside La Paleta, the interior has walking surfaces lacking a 36 (thirty-six) inch clear width leading to the restroom, due to the placement of counters, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(ix)    Inside La Paleta, the interior has walking surfaces lacking a 36 (thirty-six) inch clear width leading to the restroom, due to a policy of placing items in the accessible route, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(x)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**LA PALETA RESTROOMS**

(i)    The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii)    The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii)    The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iv) The door exiting the restroom lacks a proper minimum maneuvering clearance, due to the proximity of the door hardware to the adjacent sink, in violation of Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v) Restrooms have a pedestal sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi) The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(vii) The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(viii) The clear floor space of the toilet is blocked by a policy of placing a trash can and a plant in the clear floor space in violation of Section 606.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

36. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at La Paleta and the Property.

37. Plaintiff requires an inspection of La Paleta and the Property in order to determine all of the discriminatory conditions present at La Paleta and the Property in violation of the ADA.

38.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39.     All of the violations alleged herein are readily achievable to modify to bring La Paleta and the Property into compliance with the ADA.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at La Paleta and the Property is readily achievable because the nature and cost of the modifications are relatively low.

41.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at La Paleta and the Property is readily achievable because Defendants, LA PALETA RESTAURANTE Y PUPUSERIA, LLC and GOLDEN PIONEER, LTD., have the financial resources to make the necessary modifications.

42.     Upon information and good faith belief, La Paleta and the Property have been altered since 2010.

43.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, LA PALETA RESTAURANTE Y PUPUSERIA, LLC and GOLDEN PIONEER, LTD., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at La Paleta and the Property, including those alleged herein.

45.     Plaintiff's requested relief serves the public interest.

46. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, LA PALETA RESTAURANTE Y PUPUSERIA, LLC and GOLDEN PIONEER, LTD.

47. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, LA PALETA RESTAURANTE Y PUPUSERIA, LLC and GOLDEN PIONEER, LTD., pursuant to 42 U.S.C. §§ 12188 and 12205.

48. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, LA PALETA RESTAURANTE Y PUPUSERIA, LLC and GOLDEN PIONEER, LTD., to modify La Paleta and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, LA PALETA RESTAURANTE Y PUPUSERIA, LLC, in violation of the ADA and ADAAG;

(b) That the Court find Defendant, and GOLDEN PIONEER, LTD., in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, LA PALETA RESTAURANTE Y PUPUSERIA, LLC and GOLDEN PIONEER, LTD., from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, LA PALETA RESTAURANTE Y PUPUSERIA, LLC and GOLDEN PIONEER, LTD., to (i) remove the physical barriers to access and (ii) alter La Paleta and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: October 14, 2019.               Respectfully submitted,

                                       THE SCHAPIRO LAW GROUP, P.L.

                                       /s/  Douglas S. Schapiro
                                       Douglas S. Schapiro, Esq.
                                       *Attorney-in-Charge for Plaintiff*
                                       Northern District of Texas ID No. 54538FL
                                       The Schapiro Law Group, P.L.
                                       7301-A W. Palmetto Park Rd., Suite 100A
                                       Boca Raton, FL 33433
                                       Tel: (561) 807-7388
                                       Email: schapiro@schapirolawgroup.com

                                       Law Offices of
                                       LIPPE & ASSOCIATES

                                       /s/  Emil Lippe, Jr.
                                       Emil Lippe, Jr., Esq.
                                       State Bar No. 12398300
                                       Lippe & Associates
                                       12222 Merit Drive, Suite 1200
                                       Dallas, TX 75251
                                       Tel: (214) 855-1850
                                       Fax: (214) 720-6074
                                       emil@texaslaw.com

                                       ATTORNEYS FOR PLAINTIFF
                                       KATELYN HANKS